*Wood, C. J.
On application of the town of Massillon, the act of incorporation was repealed by the legislature. But the debt of the plaintiff, Gorgas, on which his judgment was obtained, existed against the town as a valid debt, before the repeal of the charter, and the repealing act contains this proviso:
“That the officers of said town shall have power, by their corporate napie, to sue and be sued, and to levy and collect taxes necessary to discharge the present liabilities of said town,” etc., and “ that all rights acquired, and liabilities incurred by virtue of said act, shall remain valid in all respects,” etc.
The repeal of the charter, therefore, did not discharge the officers of the corporation from the duties of collecting the debts duo the town, and paying off the liabilities it had incurred. It was the duty of the then officers of the town to provide for the payment of its debts — those in office when the charter was rejiealod — and they are continued as such officers by the act for that purpose. No fraudulent resignation will absolve them from the discharge of the duties imposed, for the statute makes no provision for successors or any other persons than the then officers, to levy taxes or pay the debts of the corporation.
What, then, is the answer? That when the writ was served *257 they were not officers — they had resigned. When did they resign ? Was it before the repealing act fixed their duties? The answer docs not state, and in this respect is clearly defective, foi the rule is, that every plea must have convenient certainty of time, place, and .persons, and must be construed most strongly against the pleader.
It is admitted by the answer that the respondents were officers of the corporation, and as the time of their resignations is not averred in the plea to bo before, the law will intend it was after the repeal and their duties fixed.
The demurrer must be sustained, with costs.